1  David A. Tashroudian  [Cal. Bar No. 266718]
   david@tashlawgroup.com
2  Tashroudian Law Group, APC
   5900 Canoga Ave., Suite 250
3  Woodland Hills, California 91367
   Telephone:   (818) 561-7381
4  Facsimile:    (818) 561-7381
   *Local Counsel for Plaintiff*
5
   Don Foty  (pending admission *pro hac vice*)
6  TX Bar No. 24050022
   Kennedy Hodges, LLP
7  dfoty@kennedyhodges.com
   4409 Montrose Blvd., Suite 200
8  Houston, Texas 77006
   Telephone:     (713) 523-0001
9  Facsimile:     (713) 523-1116
   *Counsel for Plaintiff*
10
   Kelly E. Cook (Pending admission *pro hac vice*)
11 TX Bar No. 24062675
   Wyly & Cook, PLLC
12 4101 Washington Avenue
   Houston, Texas 77007
13 Phone: (713) 489-9734
   Fax:    (713) 588-8733
14 Email: kcook@wylycooklaw.com
   *Counsel for Plaintiff*
15

16              **UNITED STATES DISTRICT COURT**

17              **EASTERN DISTRICT OF CALIFORNIA**

18

19 | **CHRISTOPHER GRIER, on behalf of himself and on behalf of all others similarly situated;** | Case No. _____ |
20 | | **CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF** |
   | **Plaintiff,** | |
21 | | |
22 | **v.** | |
23 | | 1. **Failure to Pay Overtime (Violation of Fair Labor Standards Act, 29 U.S.C. § 207)** |
24 | **ALLIANCE SECURITY, INC.;** | |
   | **Defendant.** | |
25 | | 2. **Failure to Pay Overtime (Violation of California Labor Code §§ 510, 558, 1194; and IWC Wage Order 4-2001)** |
26 | | |
27

28
                              1              COMPLAINT

3.  **Failure to provide off-duty meal and rest periods (Cal. Labor Code §§ 218.5, 226.7, 512; IWC Wage Order 4-2001)**

4.  **Failure to Reimburse for Necessary Expenditures (Cal. Labor Code § 2802)**

5.  **Failure to Provide Itemized Wages Statements (Cal. Labor Code § 226)**

6.  **Failure to Provide Wages Upon Separation of Employment (Cal. Labor Code §§ 201-203)**

7.  **Unfair Competition (Violation of Cal. Business and Professions Code § 17200, *et seq.*)**

**DEMAND FOR JURY TRIAL**

<u>**COMPLAINT AT LAW**</u>

**CLASS AND COLLECTIVE ACTION**

### I.    <u>INTRODUCTION</u>

1.    This is a Collective Action and Class Action brought by Individual and Representative Plaintiff Christopher Grier on behalf of himself and on behalf of the proposed national Fair Labor Standards Act Collective Action and California Class Action identified below (and whose members are collectively referred to herein as the "Class Members").  Plaintiff and the Class Members were or are employed by Defendant Alliance Security, Inc. ("Defendant"), as Field Technicians and all other positions performing substantially similar duties ("Technicians").

2.    As Technicians, Plaintiff and the Class Members are and were non-exempt employees under federal and state wage and hour laws, and should have received overtime pay consistent with the requirements of those laws.  However, Defendant misclassifies its Technicians as exempt from overtime.  These employees perform substantially the same job duties and responsibilities, and are compensated pursuant to the same Company policies.  They are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

COMPLAINT

3.    Plaintiff sues on behalf of himself and on behalf of all other similarly situated Technicians who worked for Defendant, and who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).  This action claims that Defendant has violated the wage-and-hour provisions of the FLSA by depriving Plaintiff, as well as those similarly situated to Plaintiff, of their lawful overtime wages.

4.    The national FLSA Class, represented by Plaintiff Grier, is comprised of all individuals who are or have been employed by Defendant as Technicians and classified as exempt from overtime for at least one week during the three year period prior to the filing of this lawsuit to the present (the "Collective Class Period").

5.    Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount in liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

6.    Plaintiff also brings this action under the California overtime statutes and regulations, and California's unfair competition laws.  Defendant did not compensate its California Technicians overtime as required by the California Labor Code. Defendant did not reimburse its California Technicians for mileage, vehicle expenses, and other business expenses as required by the California Labor Code.  Defendant also did not provide its Technicians with off-duty meal periods and rest breaks required by the California Labor Code and California Industrial Wage Commission Wage Order(s).  Further, Defendant did not provide adequate wage statements to its Technicians as required by California law.

7.    The California Class, represented by Plaintiff Grier, is comprised of all individuals who are or have been employed by Defendant as Technicians in the State of California and classified as exempt at any time during the four year period prior to the filing of this lawsuit through the present (the "California Class Period").  Plaintiff intends to seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the California Class.

8.    Plaintiff and the California Class members seek unpaid wages and restitution for their work beyond 8 hours in a day or 40 in a week pursuant to California law, reimbursement of all work related expenses, payment for the failure to receive statutory meal periods and rest breaks,

COMPLAINT

1    payment for the failure to receive proper wage statements, and liquidated damages, statutory

2    damages, and penalties available under California law.

3                          **II.      JURISDICTION AND VENUE**

4         9.      This Court has jurisdiction over the subject matter of this action pursuant to 28

5    U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, *et seq*.  The

6    Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. §

7    1367 because those claims derive from a common nucleus of operative fact.

8         10.     Venue is proper in the Eastern District of California because a substantial portion of

9    the events forming the basis of this suit occurred in the Eastern District of California.

10        11.     A substantial part of the events or omission which give rise to the claims occurred

11   in Sacramento County and/or adjacent counties, and therefore this action is properly assigned to

12   the Eastern District of California.

13        12.     Defendant is subject to personal jurisdiction in this District because it conducts

14   substantial and continuous commercial activities in California. It contracts with residents of

15   California for the services provided by its workforce.  It maintains a registered agent for service of

16   process in California.  It also employs numerous California citizens, including Plaintiff.

17        13.     This Court is empowered to issue a declaratory judgment and further relief pursuant

18   to 28 U.S.C. §§ 2201 and 2202.

19                      **III.      PARTIES AND PERSONAL JURISDICTION**

20        14.     Plaintiff Christopher Grier is an individual residing in Sacramento County,

21   California.  Plaintiff's signed consent to join the FLSA collective action is attached as Exhibit A.

22        15.     The California Class Members are all individuals who are or have been employed

23   by Defendant as Technicians in the State of California and classified as exempt at any time during

24   the four year period prior to the filing of this lawsuit through the present.

25        16.     The FLSA Class Members are all individuals who are or have been employed by

26   Defendant as Technicians and classified as exempt from overtime for at least one week during the

27   three year period prior to the filing of this lawsuit to the present.

28

17. Defendant Alliance Security, Inc. is a Delaware corporation that does business within the State of California.  Defendant can be served with process by serving its registered agent the National Registered Agents, Inc. at its registered address, 818 W. Seventh St., Suite 930, Los Angeles, California 90017.

18. At all material times, Defendant was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and the FLSA Class Members and California Class Members.

19. At all material times, Defendant has been governed by and subject to the FLSA, 29 U.S.C. § 207.

20. At all material times, Defendant has been an employer within the meaning of section 3(d) of the FLSA.  29 U.S.C. § 203(d).

21. At all material times, Defendant has been an enterprise within the meaning of section 3(r) of the FLSA.  29 U.S.C. § 203(r).

22. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce.  29 U.S.C. § 203(s)(1).

23. At all material times, the unlawful conduct against Plaintiff and Class Members as described in this Complaint was actuated, in whole or in part, by a purpose to serve Defendant.  At all relevant times, upon information and belief, the unlawful conduct described in this Complaint was reasonably foreseeable by Defendant and committed under actual or apparent authority granted by Defendant such that all aforementioned unlawful conduction is legally attributable to Defendant.

24. At all material times, Defendant has had an annual gross business volume of not less than $500,000.

COMPLAINT

## IV.    FACTS

25.    Defendant is a national company engaged in the business of selling and installing security systems and alarm systems.  Defendant employs Technicians to service and install the security and alarm systems.

26.    To perform an installation, Technicians travel to the property of the customer. Technicians follow the protocols and guidelines provided by Defendant to complete their installations.  Technicians utilize their personal vehicles in traveling between properties and use their personal cell phones as part of their day to day duties.  Defendant does not reimburse Technicians for mileage, vehicle costs, and other business expenses such as the use of their cell phones.

27.    Additionally, prior to arriving at their first job site, the Technicians are required to perform a substantial amount of work.  They are required to report their inventory, load their vehicles with equipment necessary to perform the installations, respond to work related emails, and review paperwork, including service agreements.

28.    For their labor, Defendant pays their Technicians a pre-determined amount for each installation.  That is, they are paid on a piece rate basis as defined under the law.

29.    Defendant does not pay its Technicians overtime.

30.    Defendant further does not provide meal or rest breaks to its Technicians.

31.    Plaintiff worked for Defendant as a Technician from approximately April 2015 to October 2015.

32.    During his employment, Plaintiff frequently worked more than 40 hours per week. In fact, on average he worked 70 hours per week.  One such week was the week of August 17, 2015 when he worked more than 40 hours.  During this week, he conducted security system installations to his assigned customers.

33.    Despite working more than more than 8 hours per day and more than 40 hours a week, Defendant failed to pay Plaintiff for any of his overtime.

34.    Further, Defendant did not reimburse Plaintiff for any of his work related expenses, such us mileage, vehicle costs, and cell phone bill.

6                    COMPLAINT

35.     The Class Members also regularly worked more than 8 hours per day and more than 40 hours a week.

36.     Defendant did not pay the Class Members overtime pay.

37.     The Class Members also used their personal vehicles and personal cell phones as part of their daily duties for Defendant.

38.     Defendant did not reimburse the Class Members for the use of their personal vehicles and personal cell phones.

39.     The Plaintiff and Class Members were not paid a salary.

40.     The Plaintiff and Class Members were not paid a guaranteed weekly amount. Instead, the Plaintiff and Class Members were paid amounts each week that varied depending upon the number of installations that they completed.

41.     Plaintiff and the Class Members perform non-exempt duties.

42.     The Plaintiff and Class Members are not exempt from overtime.

43.     The Plaintiff's and Class Members' primary duty did not include making sales.  The Plaintiff and Class Members were not responsible for generating new business for Defendant. Instead, they conducted installations of security systems.

44.     The Plaintiff and Class Members are not supervisors or managers.  They have no ability to hire or fire and do not supervise other employees.

45.     The primary duty of the Plaintiff and Class Members is the installation of security systems.   This primary duty involves routine manual labor, performed pursuant to detailed guidelines promulgated and enforced by Defendant.  Technicians are required to follow a detailed checklist and follow the installation instructions for the specific security system purchased by the customer.  They have very little discretion with respect to the manner in which they perform their work.

46.     Defendant requires Plaintiff and the Class Members to perform their job duties throughout the day, which results in Plaintiff and Class Members not being able to take meal and rest breaks.  Defendant requires a certain number of jobs to be completed by the Plaintiff and Class

COMPLAINT

Members and assigns the time when the jobs must be completed.  As a result, they were not given the meal or rest break required under California law.

47.     Defendant's conduct, as set forth herein, was willful and in bad faith, and has caused significant damages to Plaintiff and the Class Members.  Defendant knew of the requirements to pay overtime to Plaintiff and the Class Members but disregarded the law.

## V.     COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) per workweek.  Plaintiff worked with and communicated with other Technicians, and as such, has personal knowledge of their existence, status as Defendant's employees, Defendant's compensation scheme, and the overtime violations.

49.     Other employees similarly situated to Plaintiff worked for Defendant in a similar capacity and were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

50.     Defendant has employed numerous other employees throughout the United States during the last three years, who were paid in the same manner as Plaintiff and were not paid overtime.

51.     As such, the "FLSA Class" of similarly situated Plaintiffs is properly defined as follows:

> **All individuals who are or have been employed by Defendant as Technicians and classified as exempt from overtime for at least one week during the three year period prior to the filing of this lawsuit to the present.**

52.     Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them any compensation for their hours worked over forty (40).

53.     Plaintiff is representative of the FLSA Class Members because the FLSA Class Members performed similar job duties as Plaintiff and were similarly denied overtime

COMPLAINT

compensation on the basis of uniform company policies and practices. Plaintiff is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

54. FLSA Class Members have performed the same or similar work as Plaintiff.

55. FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

56. FLSA Class members were not paid for any time worked in excess of 40 hours per week.

57. The policy of illegally classifying the Technicians as exempt in violation of the FLSA is universal across the defined FLSA Class and forms the basis of the overtime violation.

58. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

59. As such, FLSA Class Members are similar to Plaintiff in terms of pay structure and/or the denial of overtime.

60. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

61. The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the FLSA Class Members.

62. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

63. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation at the rate of time and a half for hours worked in excess of forty (40) during a workweek.

64. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Class Members.

COMPLAINT

65.     The similarly situated FLSA Class Members are known to Defendant, are readily identifiable, and can be located through Defendant's records.  They should be notified and allowed to opt into this action pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages and/or prejudgment interest, and attorneys' fees and costs.

66.     Unless the Court promptly issues such notice, the numerous similarly situated current and former Technicians nationwide who have been misclassified in violation of the FLSA will be unable to secure unpaid overtime pay, which has been unlawfully withheld by Defendant.

## VI.   CALIFORNIA CLASS ALLEGATIONS

67.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "California Class," which is comprised of:

> **All individuals who are or have been employed by Defendant as Technicians in the State of California and classified as exempt at any time during the four year period prior to the filing of this lawsuit through the present.**

68.     Numerosity.  The number of members in the California Class is believed to exceed forty.  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the California Class will be determined from Defendant's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the California Class and Defendant.

69.     Typicality.  Plaintiff's claims are typical of the California Class because like the members of the California Class, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the California Class.  Defendant failed to pay non-exempt Technicians overtime compensation for all their hours worked, including overtime hours.  All members of the California Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week as non-exempt employees but were uniformly classified as exempt

COMPLAINT

and denied overtime.  Plaintiff and the California Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with California law.  As such, Plaintiff's claims are typical of the claims of the California Class.  Plaintiff and all members of the California Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

70.    Adequacy.  Plaintiff is a representative party who will fairly and adequately protect the interests of the California Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the California Class she seeks to represent.

71.    Commonality.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

   a.   Whether Plaintiff and the California Class worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

   b.   Whether Defendant reimbursed Plaintiff and the California Class for all work-related expenses;

   c.   Whether Defendant failed to pay Plaintiff and the California Class overtime wages for all hours worked over eight (8) hours in a day and/or forty (40) hours in a workweek;

   d.   Whether Defendant failed to provide or authorize meal periods and rest periods for Plaintiff and the California Class;

   e.   Whether Defendant failed to keep accurate records of employees' hours of work and hourly wages, and failed to timely furnish each Technician with a statement accurately showing the total number of hours worked and wages earned each pay period; and

   f.   Whether Defendant has failed to timely pay employees unpaid wages and overtime due upon their separation from employment with the Company.

11                          COMPLAINT

g.   Whether Defendant has failed to reimburse employees for mileage, vehicle expense, and other business expenses such as cost of personal cell phones and data plans.

72.   The common issues of law include, but are not limited to:

a.   Whether Defendant can claim any exemption for Plaintiff and the California Class;

b.   Whether Plaintiff and the members of the California Class, who are no longer employed by Defendant, are entitled to waiting time penalties for Defendant's failure to pay all their wages upon termination of their employment;

c.   Whether Defendant's policies and practices provide and authorize meal and rest periods in compliance with California law;

d.   Whether Plaintiff and the California Class are entitled to compensatory damages;

e.   The proper measure of damages sustained by Plaintiff and the California Class; and

f.   Whether Defendant's actions were "willful."

73.   Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the California Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

74.   A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual California Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the

COMPLAINT

1   pendency and any resolution of this action can be provided to the California Class by mail,

2   electronic mail, text message, print, broadcast, internet and/or multimedia publication.  The identity

3   of members of the California Class is readily identifiable from Defendant's records.

4        75.    This type of case is well-suited for class action treatment because: (1) Defendant's

5   practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it

6   properly compensated its employees including any potential exemptions that might apply; and (3)

7   the burden is on Defendant to accurately record hours worked by employees and meal periods

8   taken.  Ultimately, a class action is a superior form to resolve the California claims detailed herein

9   because of the common nucleus of operative facts centered on the continued failure of Defendant

10   to pay Plaintiff and the California Class per applicable California laws.

11   **VII.   CAUSES OF ACTION**

12   **FIRST CLAIM FOR RELIEF**

13   **Failure to Pay Overtime**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.)**

14   **On Behalf of Plaintiff and the FLSA Collective Class**

15        76.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

16        77.    At all relevant times, Defendant has been, and continues to be, an "employer"

17   engaged in interstate commerce and/or in the production of goods for commerce, within the

18   meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed and

19   continues to employ, employees, including Plaintiff and the FLSA Class.  At all relevant times,

20   upon information and belief, Defendant has had gross operating revenues in excess of $500,000.

21        78.    The FLSA requires each covered employer such as Defendant to compensate all

22   non-exempt employees at a rate of not less than one-and-a-half times their regular rate of pay for

23   work performed in excess of forty (40) hours in a workweek.

24        79.    Plaintiff and the FLSA Class were entitled to be paid overtime compensation for all

25   overtime hours worked at the rate of one and one-half times their regular rate of pay.

26        80.    At all relevant times, Defendant required and/or permitted Plaintiff and the FLSA

27   Class to work in excess of forty (40) hours per workweek.  Despite the hours worked by them,

28   Defendant willfully, in bad faith, and knowingly violated the FLSA, failed and refused to pay

COMPLAINT

Plaintiff and the FLSA Class the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek.  By failing to compensate Plaintiff and the FLSA Class at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1).

81.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 211(c).

82.    Plaintiff, on behalf of himself and the FLSA Class, seeks recovery of their damages, unpaid wages, unpaid overtime pay, and liquidated damages.

83.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

84.    Plaintiff, on behalf of himself and the FLSA Class, seeks recovery of his attorneys' fees and costs to be paid by Defendant, as provided for by 29 U.S.C. § 216(b).

85.    Plaintiff, on behalf of himself and the FLSA Class, seeks recovery of liquidated damages.

86.    As a result of Defendant's willful and unlawful failure to pay Plaintiff and the FLSA Class Members their earned overtime wages, Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime wages, liquidated damages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**Failure to Pay Overtime**
**(Wage Order No. 4-2001; California Labor Code §§ 510, 558, 1194)**

**On Behalf of Plaintiff and the California Class**

87.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

14                    COMPLAINT

88.     At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked.  Since at least four years prior to this lawsuit being filed to the present, Defendant was required to compensate all its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked more than eight (8) hours per day or forty (40) hours per workweek, and double-time for hours worked more than twelve (12) hours per day.  Defendant was also required to pay one-and-a-half times the regular rate for the first eight (8) hours worked on the seventh day of a workweek.

89.     At all relevant times, Defendant operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Technicians for overtime at the rates required by California Labor Code § 510 and Wage Order No. 4-2001.

90.     Defendant knew or clearly should have known that Plaintiff and the California Class Members solely or predominantly performed non-exempt duties, were not subject to any enumerated exemptions to California's overtime mandates – including exemptions for *bona fide* administrative, professional, or executive employees – and were thus entitled to overtime pay.

91.     Defendant routinely required Plaintiff and the California Class to work more than eight (8) hours per day or forty (40) hours per workweek and work on the seventh day of a workweek.  Despite the provisions of California's overtime law, Defendant has willfully failed and refused to pay the California Class, including Plaintiff, overtime wages for any of the overtime hours they worked since four years prior to this lawsuit being filed.

92.     The California Class, including Plaintiff, has been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay such compensation.

93.     Defendant regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by the California Labor Code §§ 226 and 1174, with respect to Technicians.  Through this unlawful course of conduct, Defendant has deprived and continues to deprive Plaintiff and the California Class Members of records necessary to calculate with precision the overtime compensation due to them.

94.     Defendant's conduct violates California Labor Code §§ 510 and 1194.  Therefore, pursuant to California Labor Code § 1194, the California Class, including Plaintiff, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per workweek, for the first eight (8) hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve (12) in a day in addition to interest on such amounts pursuant to California Labor Code § 1194, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

**THIRD CLAIM FOR RELIEF**
**Failure to Provide Off-Duty Meal and Rest Periods**
**(Wage Order No. 4-2001; California Labor Code §§ 218.5, 226.7, 512)**
**On Behalf of Plaintiff and the California Class**

95.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

96.     Throughout the relevant statute of limitations, Defendant operated under and continues to operate under a common policy and plan of failing and refusing to afford Plaintiff and the California Class Members at least one half-hour meal period in which they were relieved of all duties after five hours of work and a second meal period after ten hours of work, as defined by IWC Wage Order No. 4-2001 and Labor Code §§ 226.7 and 512.

97.     Plaintiff and the California Class Members were regularly expected to work during lunch and other breaks.

98.     Defendant violated the meal and rest period laws by forcing Plaintiff and the members of the California Class to work through long hours without the required meal periods.

99.     Plaintiff and the members of the California Class sue for all damages allowed under the law including statutory penalties for each such violation.  *See* IWC Wage Order 4-2001 and Cal. Lab. Code § 226.7.

100.     Defendant is liable for forcing Plaintiff and California Class Members to work during the meal period mandated after 5 hours of work for one additional hour of pay at the

COMPLAINT

employee's regular rate of compensation for each work day that Defendant failed to provide the first required meal period to each California Class Member.

101.   Defendant is further liable for forcing Plaintiff and California Class Members to work during the second meal period mandated after ten hours of work for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendant failed to provide the second required meal period to each California Class Member.

102.   Plaintiff and the California Class Members were regularly compelled to work over a four (4) hour period (or major fraction thereof) without Defendant authorizing and permitting them to take paid ten (10) minute rest periods during which they were relieved of all duties, as required by IWC Wage Order 4-2001 § 12(A) and Labor Code § 226.7.

103.   Defendant is further liable for forcing Plaintiff and the California Class Members to work during the first required rest period for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendant failed to provide the first required rest period to each California Class Member.

104.   Defendant is further liable for forcing Plaintiff and the California Class Members to work during the second rest period for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendant failed to provide the second required rest period to each California Class Member.

105.   Defendant is further liable for forcing Plaintiff and California Class Members to work during the third rest period for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendant failed to provide the third required rest period to each California Class Member.

106.   Defendant is liable for unpaid wages and statutory penalties pursuant to IWC Wage Order 4-2001 and Labor Code § 226.7.

107.   Plaintiff and the California Class Members are entitled to damages in the amount of their unpaid premium wages, reasonable attorneys' fees and costs, injunctive relief, and other such legal and equitable relief as the Court deems just and proper.

COMPLAINT

1
2
3

### FOURTH CLAIM FOR RELIEF
**Failure to Reimburse Plaintiffs for Necessary Expenditures**
**(California Labor Code § 2802)**
**On Behalf of Plaintiff and the California Class**

4      108.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

5      109.    At all times material to this Complaint, Plaintiff and members of the California Class

6  were required to drive their personal vehicles on behalf of Defendant in the course and scope of

7  their employment with the Defendant, to visit assigned properties and conduct installations.  They

8  were not reimbursed for mileage and other expenses related to the use of their personal vehicles.

9  Likewise, Defendant failed to reimburse Plaintiff and Class Members for use of their cell phones,

10  data plans, internet connections, and other expenses that benefited Defendant, all of which were

11  required to perform their jobs.

12      110.    At all times material to this Complaint, Defendant was subject to Labor Code §

13  2802, which states that "an employer shall indemnify his or her employees for all necessary

14  expenditures or losses incurred by the employee in direct consequence of the discharge of his or

15  her duties, or his or her obedience to the directions of the employer."

16      111.    As a proximate result of Defendant's policies in violation of Labor Code § 2802,

17  Plaintiff and members of the California Class sustained actual and pecuniary damages.

18      112.     Plaintiff and members of the California Class are entitled to attorneys' fees,

19  expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

20      113.    Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of

21  necessary expenditures under this section shall carry interest at the same rate as judgments in civil

22  actions.   Interest shall accrue from the date on which the employee incurred the necessary

23  expenditure.  Plaintiff and the class he represents are entitled to said interest.

24
25
26

### FIFTH CLAIM FOR RELIEF
**Failure to Furnish Wage Statements**
**(California Labor Code §§ 226)**
**On Behalf of Plaintiff and the California Class**

27      114.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

28

18                                    COMPLAINT

115.    Defendant knowingly and intentionally failed to furnish and continues to fail to furnish Plaintiff and each California Class Member with timely, itemized statements that accurately reflect – among other things – the total number of hours worked and wages earned, as mandated by the California Labor Code § 226(a), which requires employers, semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects the total number of hours worked.

116.    As a result, Defendant is liable to Plaintiff and each of the California Class Members for the amounts provided by California Labor Code § 226(e): the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

117.    Plaintiff and the California Class are also entitled to reasonable attorneys' fees and costs pursuant to California Labor Code § 226(e).

**SIXTH CLAIM FOR RELIEF**
**Failure to Pay All Wages Upon Separation from Employment**
**(California Labor Code §§ 201, 202, 203)**
**On Behalf of Plaintiff and the California Class**

118.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

119.    California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

120.    Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

121.    During all relevant times, Defendant knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff and members of the California Class who are no longer employed by Defendant all wages owed as alleged herein.  Defendant is therefore

COMPLAINT

liable to Plaintiff and members of the California Class who are no longer employed by Defendant for waiting time penalties as required by California Labor Code §§ 203 and 218.

122.    Plaintiff, individually and on behalf of the members of the California Class who are no longer employed by Defendant, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

**SEVENTH CLAIM FOR RELIEF**
**Unlawful and/or Unfair Competition Law Violations**
**(California Business & Professions Code §§ 17200-17208.)**
**On Behalf of Plaintiff and the California Class**

123.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

124.    California Business & Professions Code § 17200 *et seq*. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

125.    Plaintiff brings this cause of action individually and as a representative of all others subject to Defendant's unlawful acts and practices.

126.    During all relevant times, Defendant committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200.  Defendant's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to pay minimum wages, failing to provide and authorize mandated meal and rest periods, and failing to pay all wages upon termination in violation of California law, as described throughout this Complaint.

127.    As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendant reaped unfair benefits and illegal profits at the expense of Plaintiff and the California Class.  Defendant must disgorge these ill-gotten gains and restore to Plaintiff and the California Class all wrongfully withheld wages, including, but not limited to minimum wages and overtime compensation, interest on these wages, and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

128.     Plaintiff, individually and on behalf of the members of the California Class, respectfully request that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief.

**Prayer for Relief**

Plaintiff, on behalf of himself and all the FLSA Class Members and the California Class Members, pray for relief as follows:

1.     That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are at present or have been at any time during the past three years, up through and including the date of this Court's issuance of a Court-supervised Notice, been employed by Defendant as a Technician as defined and described herein.  Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join the FLSA collective suit if they believe they were misclassified as an exempt employee;

2.     Certifying that this action may proceed as a collective action under 29 U.S.C. § 216(b) and class action under Fed. R. Civ. P. 23;

3.     Declaring that Defendant's policies and/or practices of failing to pay overtime wages, to provide and authorize meal and rest periods, failing to reimburse work related expenses, failing to furnish proper wage statements, and to pay all wages earned upon termination of employment to the California Class violate California law;

4.     Declaring that Defendant's above-mentioned policies and/or practices violate California Business and Professions Code § 17200 *et seq.*;

5.     Preliminary, permanent, mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

6.     Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the FLSA Class Members violates the FLSA;

COMPLAINT

1       7.    Awarding damages, liquidated damages, restitution, and/or statutory penalties to be

2    paid by Defendant for the causes of action alleged herein;

3       8.    Awarding costs and expenses, including reasonable attorneys' fees and expert fees,

4    pursuant to 29 U.S.C. § 216, California Labor Code § 1194, California Code of Civil

5    Procedure § 1021.5, or as otherwise permitted by law; and

6       9.    Ordering such other and further legal and equitable relief the Court deems just,

7    necessary and proper.

8                                 Respectfully submitted,

9    Dated:  June 23, 2017              TASHROUDIAN LAW GROUP, APC

10

11                                By:  /s/ *David A. Tashroudian*
        ────────────────────────────
12                                David Tashroudian
                                     Mona Tashroudian

13                                Attorneys for Plaintiff and the Putative Class

14   Dated:  June 23, 2017              KENNEDY HODGES, LLP

15

16                                By:  /s/ *Don Foty* [authorized on 6/23/17]
        ──────────────────────────────────────────
17                                Don Foty
                                     (pending admission *pro hac vice*)

18                                Attorneys for Plaintiff and the Putative Class

19   Dated:  June 23, 2017              WYLY & COOK, PLLC

20

21                                By:  /s/ *Kelly E. Cook* [authorized on 6/23/17]
        ──────────────────────────────────────────────
22                                Don Foty
                                     (pending admission *pro hac vice*)
23                                Attorneys for Plaintiff and the Putative Class

24

25

26

27

28

                                    22               COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of

3   himself and all others similarly situated respectfully demands a trial by jury.

4                                    Respectfully submitted,

5   Dated:  June 23, 2017          TASHROUDIAN LAW GROUP, APC

6

7                                  By:  /s/ *David A. Tashroudian*
                                       _____
                                       David Tashroudian
8                                      Mona Tashroudian
                                       Attorneys for Plaintiff and the Putative Class
9

10

11  Dated:  June 23, 2017          KENNEDY HODGES, LLP

12

13                                 By:  /s/ *Don Foty* [authorized on 6/23/17]
                                       _____
14                                     Don Foty
                                       (pending admission *pro hac vice*)
15                                     Attorneys for Plaintiff and the Putative Class

16  Dated:  June 23, 2017          WYLY & COOK, PLLC

17

18                                 By:  /s/ *Kelly E. Cook* [authorized on 6/23/17]
                                       _____
19                                     Don Foty
                                       (pending admission *pro hac vice*)
20                                     Attorneys for Plaintiff and the Putative Class

21

22

23

24

25

26

27

28

COMPLAINT

# EXHIBIT A

**CONSENT TO JOIN COLLECTIVE ACTION**

- I, _CHRISTOPHER GRIER_ (print name), consent and agree to pursue my claims for unpaid overtime and/or minimum wage through a lawsuit brought under the Fair Labor Standards Act and any state wage and hour law.

- I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I agree to serve as the class representative if I am selected by counsel.

- If I am not the class representative, I authorize the named Plaintiff to file and prosecute my claim for unpaid wages in my name, and on my behalf, and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims, entering into an agreement with the lawyers in this case, and I understand I will be bound be such decisions.

- I agree to be represented by Don Foty of Kennedy Hodges, LLP, Kelly Cook of Wyly & Cook, PLLC, and The Parzivand Law Firm.

- If my consent form is stricken or if I am for any reason not allowed to participate in this case, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

Date _5/11/17_        Signature _Christopher Grier_